## City Court.

*Trial Term—June,* 1884.

## TORREY ET AL. *against* ROBERTS.

**Measure of damages on sale.** Defendant bought a steam engine of the plaintiff for $400, and agreed to sell it to a customer for

Torrey v. Roberts.

$682.50, and sought to counter-claim the difference, to wit, $282.05. *Held*, that in the absence of proof that the engine had no market value, or that the plaintiffs knew of the sub-contract at the time of sale, that the special and exceptional rule of damages claimed was inapplicable.

McADAM, Ch. J.—Upon the trial the plaintiff's cause of action was conceded. The contention narrowed down to the second counter-claim, the first having been waived. The second counter-claim alleges a sale to the defendant of a certain engine complete at the agreed price of $400 ; that the plaintiffs refused to deliver' said engine according to said agreement ; that after the purchase of said engine the defendant agreed to sell it to a customer for $682.50, whereby the defendant suffered damage, it is said, to the extent of $282.50, the difference between the sum the defendant agreed to pay the plaintiffs for the engine and the price the defendant was to get for it from his customer. This difference forms an exceptional rule of damages, special in its nature, recoverable only in cases in which vendors sell an article to enable the vendee to fulfill a subsisting contract of resale to another at an increased price. When the vendors have knowledge of such a sub-contract, the loss of profits thereon may justly be said to enter into the contemplation of the parties making the principal contract (Messmore v. New York Shot & Lead Co., 40 *N. Y.* 422 ; Booth v. Spuyten Duyvil Rolling Mill Co., 60 *Id.* 487).

There is no allegation in the answer that the engine had no market value to bring it within the principle laid down in the case last cited, or that the vendors knew of the sub-contract, to bring it within the rule declared in the first case cited, or that the sub-contract was subsisting at the time of the sale by the plaintiffs ; nor was there any allegation that the market value of the engine exceeded the price which the defendant agreed to pay the plaintiffs therefor. The rule is, that such damages as are not implied by law from a breach of the contract sued

upo must be set out in the pleading (*Moak's Van Santv. Pl.*, 3 ed. 244). The facts showing the special damages sought to be proved, should therefore have been specially pleaded (Parsons *v.* Sutton, 66 *N. Y.* 92).

Under the circumstances, no legal damages resulting from the alleged breach were alleged, and hence the direction to find for the plaintiffs was right. It follows that the motion for a new trial must be denied.